818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph PRIVETT, Plaintiff-Appellant,
v.
Lamar ALEXANDER, et al., Defendants-Appellees.
 No. 86-5964.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1987.
 
 Before KEITH, KENNEDY AND NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This Tennessee pro se prisoner filed a civil rights action seeking damages and the application of good conduct credits to his sentence which would entitle him to immediate release. Plaintiff asserted a right to accrue credits by operation of the Tennessee Code.
 
 
 2
 In construing the cause of action to state a habeas claim and in trying to determine if exhaustion had occurred, the magistrate ordered the parties to address the status of plaintiff's two pending state actions. In plaintiff's response, he acknowledged that the state habeas action was set for a hearing on the government's motion to dismiss. However, plaintiff clearly informed the court that he was abandoning his habeas claim as moot because he had recently been released from his three-year sentence. Upon consideration of the magistrate's recommendation and plaintiff's objections filed thereto, the district court adopted the recommendations of the magistrate and dismissed the habeas claim as moot. The court also dismissed without prejudice his civil rights claim so plaintiff could later amplify, with proper factual allegations, his assertion that defendants violated his constitutional rights by their delay in responding to plaintiff's state actions. Plaintiff had charged only that defendants' "inaction" entitled him to damages.
 
 
 3
 Upon an examination of the briefs and the record, we conclude that plaintiff's request for habeas type relief was mooted by his release from prison. And, even assuming that plaintiff possessed a liberty interest of which he was deprived in violation of state law and the fourteenth amendment, we conclude that he failed to state a claim for relief because the state provides him with remedies which are not shown by the plaintiff to be inadequate to redress his claimed injury. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Therefore, we affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.